UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WATERBLASTING TECHNOLOGIES, INC.,

    Plaintiff,

v.                                 Case No: 8:17-cv-1451-T-27MAP

BLASTERS, INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant Blasters, Inc's (Blasters) Motion for Attorneys' Fees (Dkt. 23), which Waterblasting Technologies, Inc. (WTI) opposes. Upon consideration, the motion (Dkt. 23) is DENIED.

WTI initiated this patent infringement suit alleging it had exclusive rights to U.S. Patent No. 7,255,116 (116 Patent). Subsequently, WTI's counsel discovered that Waterblasting, LLC d/b/a Waterblasting Technologies (Waterblast) held legal title to the 116 Patent, rather than WTI. (Dkt. 19). Recognizing that WTI could not cure the jurisdictional defect regarding standing, Waterblast initiated a new action. *Waterblasting, LLC, d/b/a Waterblasting Technologies v. Blasters, Inc.*, Case No.: 8-17-cv-2660-CEH-MAP (M.D. Fla. Nov. 6, 2017). Blasters moved to dismiss the instant action for lack of subject matter jurisdiction (Dkt. 20), and this action was dismissed without prejudice. (Dkt. 22). Blasters moves for attorneys' fees under 35 U.S.C. § 285 and Rule 54(d).

In a patent case, reasonable attorney's fees may be awarded to the prevailing party in exceptional cases. 35 U.S.C. § 285. And, "Federal Circuit law governs the determination of which

party has prevailed." *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1086 (Fed. Cir. 2014) (citations omitted). To be the prevailing party, the party must "'receive[] at least some relief on the merits,'" and that "'relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party.'" *Id.* (citations omitted). Dismissal for "lack of standing is not an issue that goes to the merits of the underlying patent issues[.]" *H.R. Techs., Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1384 (Fed. Cir. 2002).

Blasters fails to demonstrate how it is the prevailing party when this action was dismissed without prejudice for lack of standing. *SSL Servs.*, 769 F.3d at 1086; *H.R. Techs.*, 275 F.3d at 1384. And, determining whether this is an "exceptional case" to award attorney's fees requires a prevailing party.[1] *SSL Servs.*, 769 F.3d at 1086; *see Romag Fasteners, Inc. v. Fossil, Inc.*, 866 F.3d 1330, 1340 (Fed. Cir. 2017) ("In determining whether a case is exceptional for 35 U.S.C. § 285 fees, a district court must consider the totality of the circumstances. This includes the conduct of the prevailing party that is seeking attorney's fees." (alteration, quotation marks, citation omitted)). Without a prevailing party, attorney's fees will not be awarded under 35 U.S.C. § 285. *Romag Fasteners*, 866 F.3d at 1340; *SSL Servs.*, 769 F.3d at 1086.

Accordingly, Defendant Blasters, Inc's Motion for Attorneys' Fees (Dkt. 23) is **DENIED**.

**DONE AND ORDERED** this 6th day of February, 2018.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record

---

[1] Blasters relies on *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 188 L. Ed. 2d 816 (2014), for its contention that this is an "exceptional case" justifying an award of attorney's fees. In *Octane Fitness*, unlike here, the party moving for attorney's fees prevailed on a motion for summary judgment. *Id.* at 1755.